UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN EUGENE BARBEE,<br><br>                      Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                      Defendant.[1] | Case No.: 3:16-cv-01779-BEN-DHB<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**<br><br>**(3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; and**<br><br>**(4) REMANDING FOR FURTHER PROCEEDINGS** |

///

///

---

[1] The Court substitutes Nancy A. Berryhill, the Acting Commissioner of Social Security, for Carolyn W. Colvin, the former Acting Commissioner of Social Security, as Defendant in this suit. *See* Fed. R. Civ. P. 25.

Plaintiff Alan Eugene Barbee filed this action seeking judicial review of the Commissioner of Social Security's denial of his application for Supplemental Security Income benefits. Plaintiff and Defendant each filed motions for summary judgment. (ECF Nos. 14, 15). The Honorable Louisa S. Porter issued a thoughtful and thorough Report and Recommendation recommending that this Court grant Plaintiff's motion for summary judgment, deny Defendant's motion for summary judgment, and remand the case to the Administrative Law Judge ("ALJ") for further proceedings. (ECF No. 18). Defendant filed timely objections to the Report and Recommendation (ECF No. 19), to which Plaintiff replied (ECF No. 20).

Where a party files a timely objection to a report and recommendation, the Court reviews *de novo* those portions of the report or specific proposed findings or recommendations to which an objection is filed. 28 U.S.C. § 636(b)(1). Upon review of the Report and Recommendation, Plaintiff's Objections, the relevant portions of the record, and the law, the Court adopts the Report and Recommendation in full.

## BACKGROUND

The procedural history of this matter and a summary of the administrative record ("AR") has been laid out in the thorough Report and Recommendation issued by the Magistrate Judge. As this history is well-known to the parties, this Court adopts the Magistrate Judge's description of the administrative record and procedural history. A short summary of relevant events is laid out below.

Plaintiff applied for Supplemental Security Income benefits on April 30, 2012, claiming the onset of disability on June 1, 2006. Plaintiff alleges his disability is due to seizures, mental illness, back problems, and a head injury. On August 28, 2014, after holding a hearing, the ALJ concluded that Plaintiff was not entitled to benefits and denied his application. The Appeals Council denied review of the ALJ's decision, rendering the ALJ's decision final.

Plaintiff sought judicial review of that decision. (Compl., ECF No. 1). Plaintiff challenges the ALJ's decision at step five of the disability determination, in which the

ALJ must consider whether the claimant is capable of doing any work available in the national economy. At the administrative hearing, a vocational expert ("VE") testified that Plaintiff could perform three jobs, and the ALJ adopted those findings. Plaintiff believes the requirements of those jobs, as outlined in the Dictionary of Occupational Titles ("DOT"), are not consistent with the limitations in his residual functional capacity ("RFC") assessment. Plaintiff contends the ALJ committed reversible error by failing to reconcile apparent conflicts between the VE's testimony and how those jobs are described in the DOT.

In response, Defendant argues that by failing to cross-examine the VE on any potential conflict with the DOT at the hearing, Plaintiff waived the issue on appeal. Defendant further argues that the ALJ met his burden of resolving any apparent conflict between the VE's testimony and the DOT by simply asking the VE whether his testimony conforms to the DOT and receiving an unchallenged affirmative response. Finally, Defendant contends that a residual functional capacity limiting a claimant to "simple job instructions" is consistent with a "Reasoning Level 2"[2] and thus the ALJ's RFC finding and the jobs identified by the VE and adopted by the ALJ were appropriate.

The Report and Recommendation first concluded that Plaintiff has not waived the

---

[2] The DOT defines different levels of reasoning skills. *See* DOT, App. C, 1991 WL 688702; *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015). DOT job descriptions include the reasoning level required for the position. *See* ECF No. 14-3. At issue here are Reasoning Levels 2 and 3. Reasoning Level 1 is the lowest reasoning level. It requires the employee to "[a]pply commonsense understanding to carry out simple one- or two-step instructions [and] [d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." *See* DOT, App. C, 1991 WL 688702. Reasoning Level 2 requires the employee to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving few concrete variables in or from standardized situations." *Id.* Reasoning Level 3 requires the employee to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and] [d]eal with problems involving several concrete variables in or from standardized situations." *Id.*

argument regarding the potential inconsistency between the VE and DOT because he raises a pure question of law, not new evidence. Judge Porter found that the Commissioner would not be unfairly prejudiced by Plaintiff's failure to raise the issue earlier as she has had an opportunity to address the issue. Judge Porter rejected Defendant's argument that the ALJ satisfied his duty to resolve apparent conflicts between the VE's testimony and the DOT by simply asking the VE whether there is a conflict and relying on the VE's response that there is none.

In considering Plaintiff's argument on the merits, Judge Porter agreed with Defendant that there is no apparent conflict that the ALJ failed to address regarding the VE's testimony that Plaintiff can perform Reasoning Level 2 work and the DOT. However, she identified two conflicts between the VE's testimony and the DOT that the ALJ should have identified and reconciled before relying on the VE's testimony in the disability determination. *See Lamear v. Berryhill*, __ F.3d ___, 2017 WL 3254930, at *2 (9th Cir. Aug. 1, 2017) ("[I]f the [vocational] expert's opinion that an applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled. . . . To avoid unnecessary appeals, an ALJ should ordinarily ask the VE to explain in some detail why there is no conflict between the DOT and the applicant's RFC.").

First, Judge Porter found that the ALJ failed to address an apparent conflict between the VE's testimony that Plaintiff can perform the job of a mail clerk and the DOT's reasoning level requirements for a mail clerk. A mail clerk requires a claimant to have a Reasoning Level 3 capacity, but Judge Porter found that a Reasoning Level 3 requirement is inconsistent with the ALJ's RFC assessment that Plaintiff is limited to "carry[ing] out simple job instructions." (AR 46). Second, Judge Porter found an unresolved, apparent conflict between the RFC assessment that Plaintiff can have "no direct interaction with the general public," and the VE's testimony that Plaintiff can perform the work of a cafeteria attendant, which the DOT describes as involving

4

interaction with the public.

Judge Porter thus concluded that the ALJ committed legal error by failing to resolve apparent conflicts between the DOT and two of the three jobs that the VE testified Plaintiff can perform. If the legal error is harmless, however, the district court must affirm the ALJ's decision." *Zavalin*, 778 F.3d at 845. Here, Judge Porter explained that she was "reluctant to find harmless error because the ALJ failed to explain at step five why he disregarded the VE's testimony that no jobs exist in the national economy for a person who would be absent more than four times per month," which was a limitation placed on Plaintiff's ability to work by his treating physician. (R&R at 32-33). Accordingly, Judge Porter recommended remand to the ALJ for further proceedings.

## STANDARD OF REVIEW

An applicant may seek judicial review of a final agency decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). An ALJ's decision will be reversed by the reviewing court only if "it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews*, 53 F.3d at 1039. Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *Id* at 1039-40. The Court may not reverse an ALJ's decision on account of an error that is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

///

///

## DISCUSSION

The Commissioner makes two objections. First, she argues that Plaintiff waived his argument about a conflict between the VE's testimony and the DOT because he failed to bring the conflict to the ALJ's attention. Second, she argues that Magistrate Judge Porter erred by failing to find harmless error. The Court addresses each argument in turn.

### I. Waiver

The Commissioner argues that "Plaintiff's entire argument concerning errors at step five [was] waived by failing to bring the alleged apparent conflict to the ALJ's attention." (Obj. at 4). The Ninth Circuit has recently rejected such an argument:

> [O]ur law is clear that a counsel's failure [to raise a potential inconsistency between a VE's testimony and the DOT] does not relieve the ALJ of his express duty to reconcile apparent conflicts through questioning: "When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is *required* to reconcile the inconsistency." *Zavalin*, 778 F.3d at 846. That inquiry did not happen here, and so we must remand the case to permit the ALJ to follow up with the VE.

*Lamear*, __ F.3d ___, 2017 WL 3254930, at *4 (citing *Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006) for support, which held that the claimant was "not required to raise t[he conflict] at the hearing, because [Social Security Ruling 00-4p] places the burden of making the necessary inquiry on the ALJ"). A claimant's failure to raise a conflict between the VE's evidence and the DOT at the administrative hearing does not preclude the claimant from raising the issue in district court. *See id.* The Ninth Circuit's holding thus forecloses the Commissioner's argument here. The Court overrules this objection.

### II. Harmless Error

The Commissioner argues that Magistrate Judge Porter should have found that the ALJ's legal errors constituted harmless error because Plaintiff can still perform the occupation of a routing clerk, which was the one job that the VE testified Plaintiff can

perform where Judge Porter did not find error. The Commissioner contends that Judge Porter erred by sua sponte raising concerns about the ALJ's decision to disregard the VE's testimony regarding the availability of jobs if Plaintiff had to miss work four times a month.

**A. Factual Background**

One of Plaintiff's treating physicians was Boris Khamishon, M.D. On June 18, 2014, Dr. Khamishon completed a Seizure Disorder Residual Functional Capacity Questionnaire provided by Plaintiff. (AR 652-655). Dr. Khamishon stated that Plaintiff suffered from seizures twice a week, each of which average approximately three minutes. (AR 652). He indicated that Plaintiff loses consciousness during the seizures. (*Id.*) Dr. Khamishon further reported that Plaintiff's seizures would likely disrupt the work of co-workers and that he needs more supervision than an unimpaired worker. (AR 654). He stated that Plaintiff would sometimes need to take unscheduled breaks during an eight-hour work day and that his impairments would likely cause him to be absent from work more than four days per month. (*Id.*)

At the administrative hearing, the ALJ posed two hypotheticals to the VE. The first hypothetical asked if there would be any jobs available in the national economy for an individual having certain impairments. The VE responded that such a hypothetical person could perform three different jobs: a cafeteria attendant, a routing clerk, and a mail clerk. As explained above, Magistrate Judge Porter found conflicts between the VE's testimony and the DOT for the jobs of a cafeteria attendant and a mail clerk. The second hypothetical asked the VE to assume the same hypothetical as the first, except that the individual would be absent four times a month because of his or her impairments. The VE replied that no jobs would be available in the national economy for such a hypothetical person.

In the ALJ's findings and written decision, the ALJ addressed Dr. Khamishon's Seizure Disorder Residual Functional Capacity Questionnaire and gave it little weight "because it is not supported by objective evidence and it is inconsistent with the record as

7

3:16-cv-01779-BEN-DHB

a whole." (AR 50). Although not discussed in direct relation to Dr. Khamishon's opinion, elsewhere in the decision, the ALJ found that Plaintiff was inconsistent in stating how frequently the seizures occurred (AR 47); that Plaintiff's seizures were controlled through medication (AR 47-48); and that Plaintiff's diagnostic studies "have been essentially normal" (AR 49). The ALJ further discredited Dr. Khamishon's "checklist-style form" because it "appears to have been completed as an accommodation to the claimant and includes only conclusions regarding functional limitations without any rationale for those conclusions." (AR 51). The ALJ suggested that Dr. Khamishon may have completed the Questionnaire to placate a demanding patient and "avoid unnecessary doctor/patient tension." (*Id.*). The ALJ did not address the second hypothetical in his written findings.

**B. Analysis**

An ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (internal citations removed). The Ninth Circuit has explained that a court must "look at the record as a whole to determine whether the error alters the outcome of the case." *Id.* An ALJ's error in finding that a claimant can perform certain jobs is harmless if the "remaining jobs identified by the vocational expert exist in significant numbers." *Allison v. Astrue*, 425 F. App'x 636, 640 (9th Cir. 2011) (citing *Carmickle v. Comm'r*, 533 F.3d 1155, 1162-63 (9th Cir. 2008)).

In this case, the Commissioner contends that the legal errors are harmless because thousands of routing clerk jobs exist in the national economy that Plaintiff can still perform. Generally, the Commissioner would be correct. *See Yelovich v. Colvin*, 532 F. App'x 700, 702 (9th Cir. 2013) (holding that VE's incorrect testimony as to two of the three jobs that claimant could perform was harmless error because 900 regional and 42,000 national jobs existed for the third job). However, the issue is different here because Judge Porter has raised concerns about legal error in the ALJ's decision that might infect the entire determination of Plaintiff's non-disability.

Judge Porter did not find harmless error because she was troubled by the ALJ's apparent decision to disregard the VE's answer to the second hypothetical that no jobs would exist for a person who is absent from work more than four times per month. As an initial matter, contrary to the Commissioner's assertion, Judge Porter was not precluded from raising this issue sua sponte. *See Farley v. Colvin*, 231 F. Supp. 3d 335, 339-41 (N.D. Cal. 2017) (collecting cases and explaining that the court has the power to consider issues sua sponte in social security appeals). The Court has a duty to make an "independent determination as to whether the [ALJ's] findings are supported by substantial evidence." *Id.*

Where the record is unclear, the court should not find that an ALJ's legal error is harmless. *See Lamear*, __ F.3d ___, 2017 WL 3254930, at *3 ("[W]e cannot determine from his record, the DOT, or our common experience whether the jobs in question require both hands, so we cannot say the ALJ's failure to inquire was harmless."); *Zavalin*, 778 F.3d at 848 ("On this mixed record, 'we cannot determine whether substantial evidence supports the ALJ's step-five finding that [Zavalin] could perform [the] work.'"). Such is the case here. The ALJ gave little weight to Dr. Khamishon's opinion, but failed to address his limitation that Plaintiff would be absent from work more than four days per month and failed to address the second hypothetical, which relied on Dr. Khamishon's opinion. Upon review of the ALJ's decision, the Court has doubts whether the ALJ properly rejected Dr. Khamishon's opinion. Accordingly, remand for further proceedings is appropriate. *See Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) (holding that ALJ erred in not considering hypothetical with treating physician's comments about plaintiff's limitations, to which the VE testified that no jobs would be available to plaintiff, because the ALJ did not provide clear and convincing reasons for rejecting the physician's opinion). The Commissioner's objection is overruled.

///

///

## CONCLUSION

The Court **ADOPTS** the Report and Recommendation (ECF No. 18) and **OVERRULES** the Commissioner's objections (ECF No. 19). Plaintiff's motion for summary judgment is **GRANTED** (ECF No. 14) and Defendant's motion for summary judgment is **DENIED** (ECF No. 15). This case is **REMANDED** for further proceedings.

**IT IS SO ORDERED.**

Dated: August 29, 2017

_____
Hon. Roger T. Benitez
United States District Judge